IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**STEWART CHASE VAUGHN**                          **PETITIONER**

v.                          **CIVIL ACTION NO. 3:19-CV-376-TSL-JCG**

**TRISH DOTY**                          **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody, filed by Petitioner Stewart Chase Vaughn. The Petition challenges Vaughn's 2013 conviction for the sale of methamphetamine. Respondent Trish Doty has filed a Motion to Dismiss (ECF No. 6), alleging that Vaughn's Petition is barred by the one-year statute of limitations in 28 U.S.C. § 2244(d). Having considered the submissions of the parties, the record, and relevant legal authority, the undersigned United States Magistrate Judge concludes that Vaughn's Petition is barred by the one-year statute of limitations and recommends that Respondent's Motion to Dismiss be granted and Petitioner's request for relief pursuant to 28 U.S.C. § 2254 be denied.

## I. BACKGROUND

Vaughn is a postconviction inmate in the custody of the Mississippi Department of Corrections. After a jury trial in the Circuit Court of Rankin County, Mississippi, Vaughn was convicted for the sale of methamphetamine on October 29, 2013. He was sentenced as a habitual and subsequent drug offender to a term of sixty years. Vaughn appealed, but the Mississippi Court of Appeals affirmed his

1

conviction. *Vaughn v. State*, 189 So. 3d 650 (Miss. Ct. App. 2015). Vaughn raised two issues during his state appeal (ECF No. 7-5 at 1-14):

> 1. Whether the trial court erred in not *sua sponte* enforcing its ruling precluding hearsay evidence via statement of non-testifying witness?
>
> 2. Whether a pretrial motion to amend the indictment to habitual offender violated the intent of *Gowdy v. State*,[1] where the plea deadline had already passed?

The Mississippi Court of Appeals found each of these issues to be without merit, affirmed his conviction, and denied his Motion for Rehearing. The Mississippi Supreme Court denied Vaughn's Petition for Writ of Certiorari on April 28, 2016 (ECF No. 7-6 at 3). Vaughn did not file a petition before the United States Supreme Court. On March 13, 2018, Vaughn signed a Motion for Leave to Proceed in Trial Court, which was filed with the Mississippi Supreme Court on March 16, 2018 (ECF No. 7-7 at 6-15). The court denied his motion on June 27, 2018, finding that the issued lacked "sufficient merit to warrant an evidentiary hearing" (ECF No. 7-7 at 4). Vaughn filed a Motion for Rehearing, but it was denied on July 27, 2018 (ECF No. 7-7 at 2).

Vaughn then initiated the instant 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus. Although it was docketed on May 28, 2019, he signed his Petition on May 22, 2018. In it, Vaughn raises four grounds for relief.

> 1. The court erred in sentencing.
>
> 2. Did the district attorney inflame the jury with tainted evidence?

---

[1] 56 So. 3d 540 (Miss. 2010).

2

3. Counsel was ineffective because he did not object to the use of the tainted evidence or the district attorney's use of evidence by a non-testifying witness.

4. Petitioner was sentenced in violation of his right against double jeopardy.

Respondent filed a Motion to Dismiss (ECF No. 6) on July 9, 2019, alleging that Vaughn's Petition is barred by the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified at 28 U.S.C. § 2244(d). Respondent maintains that "Vaughn's conviction and sentence was final on July 27, 2016, ninety (90) days after the Mississippi Supreme Court denied *certiorari* review." Therefore, because Vaughn did not file his petition by July 27, 2017, and because he is not entitled to statutory or equitable tolling, Respondent argues that his Petition must be dismissed. In response (ECF No. 8), Vaughn argues that he filed his Petition within the statute of limitations, as the Mississippi Supreme Court denied his motion for leave on June 27, 2018. He also argues that Miss. Code Ann. § 99-39-1[2] is a state-imposed impediment to filing. Finally, he asks for an evidentiary hearing on the merits of his Petition.

## II. DISCUSSION

### A. Standard of Review

Before considering the merits of a petition under 28 U.S.C. § 2254 for a writ of habeas corpus, the Court must first determine if all procedural steps necessary to

---

[2] Miss. Code Ann. § 99-39-1 merely states that "[t]his article shall be known and may be cited as the 'Mississippi Uniform Post-Conviction Collateral Relief Act.'" Vaughn's argument appears to focus on §99-39-5(2), which creates a three year statute of limitations for seeking postconviction relief in Mississippi state courts, and § 99-39-27, which requires an "application for leave to proceed in the trial court."

3

preserve each issue for federal review have been taken. The first consideration is whether the petition was timely filed:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

    A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### Analysis

Unless one of the narrow exceptions in 28 U.S.C. § 2244(d)(1)(B)-(D) apply, AEDPA requires that a federal habeas corpus petition be filed within one year of the date a petitioner's judgment of conviction becomes final, subject to statutory

tolling for the period during which a properly filed motion for postconviction relief is pending in state court. *See generally Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Therefore, the Court must determine when Vaughn's conviction became final for purposes of AEDPA and if he is entitled to statutory or equitable tolling.

Ultimately, "federal law controls when a state conviction becomes final for purposes of section 2244(d)(1)(A)." *Caldwell v. Dretke*, 429 F.3d 521, 529 (5th Cir. 2005) (citing *Roberts*, 319 F.3d at 694). Vaughn has offered no evidence to contradict the assertion that the Mississippi Supreme Court denied his Petition for Writ of Certiorari on April 28, 2016, and he concedes in his Petition that he did petition the United States Supreme Court. When a petitioner does not file a petition for writ of certiorari with the United States Supreme Court, the judgment becomes final ninety days "following the entry of judgment by the state court of last resort." *Roberts*, 319 F.3d at 694. The "issuance of the mandate by the state court of appeals is of no consequence . . . ." *Id.* at 695. The judgment in Vaughn's state case became final on July 27, 2016; therefore, his Petition for Writ of Habeas Corpus was due on or before July 27, 2017, unless he is entitled to statutory or equitable tolling.

Vaughn did not file his state motion for leave to proceed in the trial court until March 2018, whereas the one-year statute of limitations began to run on July 27, 2016. A petition filed after the federal filing deadline has passed "cannot toll the one-year limitation period described in section 2244(d)(2)." *Baldwin v. Parker*, Civil Action No. 5:06-cv-58-DCB-MTP, 2006 WL 3858896, at *3 (S.D. Miss. Dec. 28, 2006) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)).

With respect to Vaughn's argument that Mississippi's Uniform Post-Conviction Collateral Relief Act constitutes a state-imposed impediment to filing, his argument is without merit. Mississippi's three-year statute of limitations "is irrelevant to the computation of the federal limitations period. Further, to satisfy § 2244(d)(1)(B), 'the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law.'" *Billiot v. Thaler*, No. 4:10-cv-284-A, 2010 WL 2730635, at \*2 (N.D. Tex. July 8, 2010) (quoting *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003)). Requiring exhaustion in state court does not satisfy this standard. Even though Vaughn had three years to seek state post-conviction collateral relief pursuant to Miss. Code Ann. § 99-39-5(2), such proceedings are not part of "direct review." His state court judgment became final ninety days after the Mississippi Supreme Court denied *certiorari* review during his direct appeal. Because Vaughn took no actions that would toll the federal statute of limitations between July 2016 and July 2017, his filing of a state application in 2018 is of no consequence in this case. Therefore, Vaughn has not shown an impediment under 28 U.S.C. § 2244(d)(1)(B). He also does not raise any arguments with respect to the exceptions in 28 U.S.C. § 2244(d)(1)(C) or (D).

Therefore, because Vaughn took no action in the year after the state court judgment became final, his Petition is barred as untimely unless he can show he is entitled to equitable tolling. However, he has not done so. A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights

diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is available only in "rare and exceptional circumstances." *Felder v. Johnson,* 204 F.3d 168, 170-71 (5th Cir. 2000). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson,* 442 F.3d 872, 875 (5th Cir. 2006) (citing *Felder,* 204 F.3d at 174). The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Felder,* 204 F.3d at 171 (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). "As a consequence, neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Sutton v. Cain,* 722 F.3d 312, 317 (5th Cir. 2013) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002)). Vaughn's mistaken assertion about when the judgment became final does not satisfy this standard. He has not demonstrated any rare or exceptional circumstances; therefore, he is not entitled to equitable tolling.

Finally, because the undersigned recommends that Vaughn's Petition be denied as untimely, the undersigned also recommends that Vaughn's request for an evidentiary hearing on the merits be denied. A hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts.

### III. RECOMMENDATION

Based on the above analysis, the undersigned recommends that Respondent's

Motion to Dismiss be granted and Stewart Chase Vaughn's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus be denied.

### IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 3rd day of October, 2019.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE